IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LINDA NELSON, | ) | 4:10CV3081 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| SIGNOR TRUCKING, Inc., et al., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed her Complaint in this matter on May 5, 2010. (Filing No. 1.) Plaintiff has been given leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

**I.   SUMMARY OF COMPLAINT**

Plaintiff filed her Complaint in this matter on May 5, 2010, against Kevin Signor ("Signor"), Norfolk Diesel Repair, Sig Enterprises, Signor Trucking, and US Heavy Haul. Plaintiff alleges that Defendants Norfolk Diesel Repair, Sig Enterprises, Signor Trucking, and US Heavy Haul are all owned and controlled in common and exclusively by Defendant Signor. (Filing No. 1 at CM/ECF p. 4.) Condensed and summarized, Plaintiff alleges that Defendants have violated various provisions of the Motor Carrier Act's Truth-in-Leasing regulations. (*Id.* at CM/ECF p. 1.)

Plaintiff alleges that she is an independent truck owner-operator who entered into two separate and distinct agreements with one or more Defendants in August of 2007. (*Id.* at CM/ECF p. 6.) The first was a commercial lease/purchase agreement between Plaintiff and one or more Defendants in which Plaintiff leased/rented a truck-tractor unit, with the option to purchase. (*Id.* at CM/ECF p. 6.) Plaintiff was never clear as to which Defendants were party to the first agreement. (*Id.*) Also, the

agreement specified a weekly rent/lease payment of $169.99, but was silent as to all other costs associated with the agreement. (*Id.*)

Plaintiff claims that the second agreement was a "tacit arrangement" between Plaintiff and Signor in which Plaintiff leased the same truck-tractor unit to Signor Trucking, along with her services as a qualified driver in interstate commerce.[1] (*Id.*) Plaintiff alleges that Defendants violated various Truth-in-Leasing regulations, 49 C.F.R. § 376.1 *et seq.*, with respect to this second agreement. Specifically, Plaintiff alleges that Defendants failed to comply with the written lease requirements set forth in 49 C.F.R. 376.12(a)-(l). (*Id.* at CM/ECF pp. 8-12.) Further, Plaintiff alleges that Defendants made improper deductions from her weekly compensation, causing her significant economic harm, and then failed to disclose documents verifying the validity of these deductions. (*Id.* at CM/ECF pp. 7-8.) Finally, Plaintiff alleges that Defendants have knowingly furnished false information about her in response to inquiries from potential employers in retaliation for Plaintiff's use of legal recourse against Defendants, resulting in continuing economic harm to Plaintiff. (*Id.* at CM/ECF p. 13.) Plaintiff seeks declaratory and injunctive relief, restitution, disgorgement of sums Defendants unlawfully deducted, damages, and attorney fees. (*Id.*)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e)(2). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious

---

[1] In her Complaint, Plaintiff states that it is a common practice for "owner-operators to lease and/or purchase a truck tractor from an authorized carrier pursuant to commercial lease/purchase agreements and then lease the same truck tractor, along with their services as a qualified driver, back to the authorized carrier for compensation." (Filing No. 1 at CM/ECF p. 5.)

claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

### III.    DISCUSSION OF CLAIMS

Liberally construed, Plaintiff's claims are brought pursuant to the Motor Carrier Act's Truth-in-Leasing regulations. Under the Motor Carrier Act, motor carriers engaged in interstate transportation using leased vehicles must enter into written leases that specify several particulars, including the duration of the lease and the compensation the motor carrier will pay to the vehicle owner-operator. 49 U.S.C. § 14102(a); 49 C.F.R. § 376.12; *Rivas v. Rail Delivery Serv.*, 423 F.3d 1079, 1082 (9th Cir. 2005). Truth-in-Leasing regulations enforce § 14102(a) by setting forth a regulatory scheme that seeks to "prevent large carriers from taking advantage of individual owner-operators due to their weak bargaining position." *Owner-Operator Indep. Drivers Assoc. v. Swift Transp. Co.*, 367 F.3d 1108, 1110 (9th Cir. 2004). "A person may bring a civil action for injunctive relief" for violation of § 14102. 49

U.S.C. § 14704(a)(1). Also, a "carrier . . . is liable for damages sustained by a person as a result of an act or omission of that carrier . . . in violation of this part." 49 U.S.C. § 14704(a)(2). To state a claim under 49 U.S.C. § 14704(a)(2), a plaintiff must allege a regulatory violation caused actual damages. *Fulfillment Servs., Inc. v. United Parcel Serv., Inc.*, 528 F.3d 614, 616 (9th Cir. 2008).

Here, Plaintiff alleges that Defendants violated various Truth-in-Leasing regulations that caused her significant economic harm. These allegations are sufficient to nudge Plaintiff's Truth-in-Leasing claims across the line from conceivable to plausible. However, the court cautions Plaintiff that this is only a preliminary determination based on the allegations of the Complaint and is not a determination of the merits of Plaintiff's claims or potential defenses thereto.

IT IS THEREFORE ORDERED that:

1.      Plaintiff's claims against Defendants may proceed and service is now warranted.

2.      To obtain service of process on Defendants, Plaintiff must complete and return the summons forms which the Clerk of the court will provide. The Clerk of the court shall send five summons forms and five USM-285 forms to Plaintiff, together with a copy of this Memorandum and Order. Plaintiff shall, as soon as possible, complete the forms and send the completed forms back to the Clerk of the court. In the absence of the forms, service of process cannot occur.

3.      Upon receipt of the completed forms, the Clerk of the court will sign the summons forms, to be forwarded with a copy of the Complaint, to the U.S. Marshal for service of process. The Marshal shall serve the summons and Complaint without payment of costs or fees. Service may be by certified mail pursuant to Fed. R. Civ. P. 4 and Nebraska law in the discretion of the Marshal. The Clerk of the court will copy the Complaint, and Plaintiff does not need to do so.

4.      Federal Rule of Civil Procedure 4 requires service of a complaint on a defendant within 120 days of filing the complaint. However, because in this order Plaintiff is informed for the first time of these requirements, Plaintiff is granted, on the court's own motion, an extension of time until 120 days from the date of this order to complete service of process.

5.      Plaintiff is hereby notified that failure to obtain service of process on a defendant within 120 days of the date of this order may result in dismissal of this matter without further notice as to such defendant. A defendant has 20 days after receipt of the summons to answer or otherwise respond to a complaint.

6.      The Clerk of the Court is directed to set a pro se case management deadline in this case with the following text: "**December 16, 2010:** Check for completion of service of summons."

7.      The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court. Plaintiff shall keep the court informed of her current address at all times while this case is pending. Failure to do so may result in dismissal.

DATED this 19th day of August, 2010.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.